**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHN E. SCHOONOVER, Individually, ) | |
| and appearing as natural father and next ) | |
| of kin of minor child ELMS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-CV-054-JHP |
| ) | |
| LARRY D. STUART, et. al., ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court are Defendants Larry Stuart, Donna Pace, Debbie Lowen, Howard Hendrick, Mikah McCray, Tari Hughes, Cleveland Area Hospital, OSU Medical Center, and the Pawnee District Court's Motions to Dismiss Plaintiff's Amended Complaint [Doc. Nos. 70, 71, 72, 73, 74, 75, 80, 85, and 124] Plaintiff's Responses to Defendants' Motions [Doc. Nos. 88, 101, 108, 119, 120, 122, and 130], Defendants' Replies to Plaintiff's Response Briefs [Doc. Nos. 125, 127, 138, and 139] and Plaintiff's Surreplies [Doc. Nos. 141 and 142]. For the reasons set forth below the Defendants' Motions are **GRANTED**.

The Plaintiff filed this lawsuit on January 27, 2010, alleging state officials, health care workers, and employees of the Department of Human Services, made false statements, perjured themselves, and among other things, conspired to have his minor son removed from his care. All but one of the Defendants, Patrick Pickerill, filed Motions to Dismiss. In February, 2010, the Plaintiff filed a Motion to Amend his Complaint. [Doc. No. 7] The Court entered a Minute Order granting the Plaintiff's Motion to Amend and deeming the document submitted as his amended Complaint. [Doc. No. 63] As such, each of the Defendants resubmitted their Motions to Dismiss

1

seeking dismissal of Plaintiff's Amended Complaint. Plaintiff's Amended Complaint raised allegations regarding his daughter, minor child HAW.

## I.   CLAIMS OF PLAINTIFF'S MINOR CHILDREN

Initially, several of the Defendants contend the Plaintiff does not have standing to bring claims on behalf of his minor children since the Plaintiff is representing himself, and bringing the claims on behalf of his minor children, *pro se*. This Court agrees. The Tenth Circuit case law is clear that a parent proceeding *pro se* cannot represent the rights of his/her minor children. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). As such, this Courts **DISMISSES** the claims brought by the Plaintiff as parent and next friend of his minor children ELMS and HAW.

## II.   EFFECT OF PLAINTIFF'S AMENDED COMPLAINT

Many of the Defendants in their Motions to Dismiss argue that Plaintiff's Amended Complaint names only Defendant Donna Pace and fails to assert a claim or even name any of the other Defendants. This Court has reviewed the Amended Complaint and agrees the Amended Complaint makes no claims against any of the Defendants except Defendant, Donna Pace. As such, the remainder of the Defendant's claims for dismissal should be granted on the ground that the Plaintiff has failed to state claim against them for which relief can be granted.

Although the Plaintiff seems to believe his Amended Complaint supplements his prior complaint it well established that "an amended complaint supersedes a prior complaint and renders it of no legal effect." *Mooring Capital Fund, L.L.C. v. Knight*, 2010 WL 2881529, *8 (10th Cir. July 22, 2010)(unpublished) citing *Davis v. TXO Prod. Corp.*, 929 F.2d, 929 F.2d 1515, 1517 (10th Cir. 1991). The Tenth Circuit addressed a similar situation from a *pro se* Plaintiff in *Fullerton v. Maynard*, 943 F.2d 57, 1991 WL 166400, *2 (10th Cir. Aug. 29, 1991)(unpublished). In *Fullerton* the District Court dismissed the *pro se* Plaintiff's litigation after for lack of proper venue after

holding that the Amended Complaint submitted by the Plaintiff superceded his original Complaint and therefore, the Court refused to consider the statements made in the original Complaint in making its ruling.  The Tenth Circuit, in affirming the district court's ruling, stated that pursuant to Federal Rule of Civil Procedure Rule 10(c), the Plaintiff could have referenced or incorporated specific allegations from the prior complaint in the amended complaint, "but only if reference to allegations in the prior complaint is direct and specific." *Fullerton v. Maynard*, 943 F.2d 57, 1991 WL 166400, *2 (10th Cir. Aug. 29, 1991)(unpublished) citing *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987); *Aktiebolaget Stille-Werner v. Stille-Scanlan, Inc.,* 1 F.R.D. 395 (S.D.N.Y.1940); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1326 (1990).  Since the Plaintiff in *Fullerton* made only "informal references" to the relief sought in the original Complaint, the Tenth Circuit held it was insufficient to incorporate it and upheld the dictrict court's decision to consider only the Amended Complaint.

Such is the case here.  Although Schoonover is  a *pro se* plaintiff and therefore, entitled to have his pleadings construed liberally, he nevertheless is subject to the same rules of procedure that govern other litigants. *Fullerton,* 1991 WL 166400 at *2 citing *King,* 814 F.2d at 567; see also *Keeling v. Schaefer*, 181 F.Supp.2d 1206, 1215-16 (D.Kan. 2001).  Schoonover's Amended Complaint makes no explicit or direct reference to specific allegations of the original Complaint. Therefore, this Court finds the Amended Complaint supercedes the original Complaint.  Since the only Defendant mentioned in the Amended Complaint is Donna Pace the remaining Defendants, Howard Hendrick, Cleveland Area Hospital, OSU Medical Center, Pawnee County District Court, Larry Stuart, Debbie Lowen, Tari Hughes, and Mikah McCray's Motions to Dismiss are hereby

**GRANTED** and the claims against them **DISMISSED**.[1]

### III.  DONNA PACE'S MOTION TO DISMISS

Defendant Donna Pace, who was specifically named in the Amended Complaint, has a pending Motion to Dismiss claiming the Plaintiff has failed to state a claim for which relief can be granted, that any claims regarding ELMS and HAW are barred by the *Rooker-Feldman* Doctrine, and that she is entitled to qualified immunity from any personal liability for any §1983 claims alleged by the Plaintiff.

When ruling on a defendant's motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level. *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir.2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). *Iqbal* stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

---

[1]The Court notes for the record that had the Plaintiff properly incorporated the allegations of the original Complaint into Amended Complaint, the Defendants' Motions to Dismiss each had merit based on defenses of prosecutorial immunity, immunity from suit under the Eleventh Amendment, the Plaintiff failed to name the proper party in the litigation, failure to state a claim for relief under Fed.R.Civ.P. 12(b)(6) and the *Rooker-Feldman* Doctrine.

Furthermore, the Court construes *pro se* complaints liberally, but is "mindful that it is not the proper function of a court to 'assume the role of advocate for the pro se litigant.' " *Bridges v. Lane,* 251 Fed.Appx. 284 (10th Cir. 2009) citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). "The burden is on the plaintiff to craft an adequate complaint that contains enough factual allegations to state facially plausible claims for relief and provide fair notice to defendants of the nature of the claims against them." *Id.* citing *Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir.2008). "We are especially critical of complaints that do not articulate specific times, places, or persons involved in the alleged misconduct because such complaints give 'defendant[s] seeking to respond to plaintiffs' conclusory allegations ... little idea where to begin.' " *Id.* (Internal citation omitted).

In this case, the Court has already ruled the Plaintiff does not have standing to bring claims on behalf of his minor children HAW or ELMS. Therefore, the only allegations against Donna Pace which remain are the Plaintiff's allegation that Pace refused to allow him access to the "medical records, knowledge of the treating physicians or medical facility." [Doc. No. 7] The Plaintiff also claims that Pace refused to allow him to examine HAW and that these acts constituted "the *Cruel And Unusual Punishment* of tormenting this old man by disallowing this loving parent from seeing his baby who has been injured by another." (Emphasis in original) [Doc. No. 7]

Not only do Plaintiff's claims against Pace not specify any details regarding his allegations that Pace refused him access to HAW's medical records or allowed him access to her, but he also does not make factual allegations sufficient to rise to an eighth amendment claim of cruel and unusual punishment. Initially, there is no claim that Pace's action were meant as "punishment", which is what the eighth amendment seeks to protect. Further, the Plaintiff pleads no which, if true, rise to the level of deliberate indifference of Schoonover's health or safety which is what he would

5

have to prove to make out a claim for cruel and unusual punishment. *See Wallin v. CMI*, 311 Fed.Appx. 119 (10th Cir. 2009)   As such, Defendant Donna Pace's Motion to Dismiss is hereby **GRANTED** and the claims against her **DISMISSED**.

### IV.    AS TO PATRICK PICKERILL

Defendant Pickerill is the only Defendant who did not file a Motion to Dismiss in this matter. On April 26, 2010, Plaintiff filed a Motion for Default Judgment against Defendant Pickerill. [Doc. No. 86] Defendant Pickerill has since filed a *Pro Se* Entry of Appearance and Response in Opposition to the Motion for Default Judgment claiming the Plaintiff never effectuated service on him. [Doc. Nos. 89 and 90] The Plaintiff filed a Reply to Defendant's Pickerill's Response and has since filed a Second Motion for Default Judgment against Pickerill. [Doc. Nos. 93 and 137] However, the Court notes that although Pickerill was named in the Plaintiff's original Complaint, he is not named in the Amended Complaint and the Plaintiff asserts no allegations in the Amended Complaint against him.  Therefore, this Court finds that, for the reasons set forth in section II of this Opinion and Order, Patrick Pickerill is hereby **DISMISSED** from this litigation and Plaintiff's Motion for Default Judgment against Defendant Pickerill [Doc. No. 86] and Second Motion for Default Judgment against Defendant Pickerill [Doc. No. 137] are deemed **MOOT**.

### CONCLUSION

For the foregoing reasons Defendants Howard Hendrick, Donna Pace, Cleveland Area Hospital, Debbie Lowen, Tari Hughes, Larry Stuary, Pawnee County District Court, OSU Medical Center and Mikah McCray's Motions to Dismiss are hereby **GRANTED** and the claims against these Defendants are **DISMISSED**.  Further, the claims against Defendant Patrick Pickerill are hereby **DISMISSED**.

**IT IS SO ORDERED** this 29th day of July, 2010.

*James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma